UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEITH WILLIAMS,** | Civil Action No. 22-6028 (RK) |
| Petitioner, | |
| v. | |
| | **MEMORANDUM & ORDER** |
| **JAMES STIGLIANO, et al.,** | |
| Respondents. | |

On April 22, 2024, this Court dismissed Petitioner Keith William's ("Petitioner") Petition brought pursuant to 28 U.S.C. § 2254 as untimely and denied a certificate of appealability. (ECF Nos. 24-25.) Currently pending before the Court are Petitioner's motions for pro bono counsel and to reopen this matter, which the Court construes as a motion for relief under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) motion"). (ECF Nos. 26, 28.) For the reasons explained herein, the Court denies without prejudice the motion for pro bono counsel and orders the parties to supplement the record and briefing prior to deciding the Rule 60(b) motion.

The Court reviews only the facts related to the pending motions. Petitioner's Judgment of Conviction is dated June 24, 2013. (ECF No. 18-12.) The Appellate Division affirmed Petitioner's conviction and sentence on June 14, 2016, *State v. Williams*, No. A-6176-12T4, 2016 WL 3245390, at *1 (N.J. Sup. Ct. App. Div. June 14,2016), and the New Jersey Supreme Court denied certification on December 2, 2016. *See State v. Williams*, 157 A.3d 830 (N.J. 2016). On February 6, 2017, Petitioner filed a post-conviction relief ("PCR") petition in the New Jersey Superior Court. (*See* ECF No. 18-16.) The PCR court denied relief on January 29, 2019, and on July 16, 2020, the Appellate Division affirmed the denial of Petitioner's PCR petition.

*See State v. Williams*, No. A-3168-18T2, 2020 WL 4012777 (N.J. Sup. Ct. App. Div. 2020). On November 20, 2020, the New Jersey Supreme Court denied certification with respect to Petitioner's PCR petition. *See State v. Williams*, 241 A.3d 572 (N.J. 2020).

On October 4, 2022, Petitioner filed the instant habeas Petition, which raises nine grounds for relief, and it was docketed on October 11, 2022. (ECF No. 1, Petition at 22.) On October 24, 2023, Respondents moved to dismiss the Petition as untimely. After Petitioner's mail was returned as undeliverable, Respondents filed an amended certificate of service on November 8, 2023, indicating that they had served their motion to dismiss on Petitioner at Hope Hall Halfway house. (ECF No. 22.) On or about January 8, 2024, Petitioner wrote to the Court to update his address to Hope Hall Halfway House and indicated that he would like to proceed with his habeas case; however, Petitioner did not file a response to the motion to dismiss. And on April 22, 2024, the Court dismissed the Petition as untimely and denied a certificate of appealability. (ECF Nos. 24-25.)

Thirty days later, on May 22, 2024, Petitioner submitted a motion for pro bono counsel, which was docketed on June 4, 2024.[1] (ECF No. 26.) In his motion for pro bono counsel, Petitioner acknowledges the dismissal of his Petition but asserts that he filed the Petition in time. Petitioner cites to an earlier habeas case he filed in this District, which was not part of the record considered by the Court in resolving the motion to dismiss. *See Williams v. Powell*, Civ. No. 21-8216 (BRM). Petitioner contends that he "had to withdraw [the original habeas] because [he] had a pending motion in the state court and [he] was told that he had to file an all-inclusive petition." (*See* ECF No. 26.) Petitioner also seeks counsel to litigate the merits of his claims. (*See id.*)

---

[1] The application is dated May 22, 2024, and it was mailed on June 1, 2024.

2

The Court has reviewed the docket in Williams v. Powell, No. 21-8216. Petitioner submitted that habeas petition for filing on March 29, 2021, and it the matter was assigned to the Honorable Brian R. Martinotti. (Civ. No. 21-8216 at ECF No. 1 at 22.) On April 26, 2021, the District Court provided the required notice pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). (*Id.* at ECF No. 3.) Pursuant to *Mason*, the Court notified Petitioner that he must choose one of the following options: (a) have his pending § 2254 ruled on as filed; or (b) withdraw his pending § 2254 Petition and file one all-inclusive § 2254 Petition subject to the one-year statute of limitations. (*See id.*) On May 12, 2021, Petitioner submitted an undated letter stating that he wished to withdraw his petition and file one all-inclusive petition. (*Id.* at ECF No. 4.) Petitioner did not ask for a protective stay or provide any reasons for withdrawing his petition. By Order dated May 13, 2021, the District Court deemed the Petition withdrawn and noted in a footnote that Petitioner should file his all-inclusive Petition as a new action. (*Id.* at ECF No. 5.) The matter was marked closed.

As noted above, Petitioner did not file his all-inclusive Petition until October 4, 2022, and the Court dismissed that Petition as untimely following an unopposed motion to dismiss filed by Respondents. In his Rule 60(b) motion (ECF No. 28), Petitioner alleges that he sent a letter to Chambers in response to Respondents' motion to dismiss, explaining that he "had an open Pro-se motion in Mercer County."[2] He appears to contend that he withdrew his original habeas because his state court proceedings were still pending. Public records indicate that Petitioner filed a motion to correct his state court sentence on April 30, 2021, and the state court denied that

---

[2] Petitioner has not submitted postage remits or any other evidence that he sent a letter to Chambers in response to the motion to dismiss, and this letter is not on the docket.

motion on April 13, 2022.[3] Petitioner also contends in his Rule 60(b) motion that COVID-19 stopped the mail at the Department of Corrections, but it is unclear what time period Petitioner is referring to and what mail Petitioner was unable to send due to the pandemic.

Because Petitioner submitted his motion for pro bono counsel and his motion to reopen more than 28 days after the dismissal of his Petition, the Court construes him to seek relief from dismissal under Fed. R. Civ. P. 60(b).[4] "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). As relevant here, "Rule 60(b)(1) covers all mistakes of law made by a judge," including mistakes of law and fact. *Kemp v. United States*, 596 U.S. 528, 534 (2022). Rule 60(b)(6) permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). *Gonzalez*, 545 U.S. at 528–29. A motion filed under Rule 60(b)(6) must demonstrate "extraordinary circumstances" that would justify "the reopening of a final judgment." *Id.* at 535 (quotation omitted).

Construed liberally, Petitioner's asserts in his Rule 60(b) motion that the Petition is timely or that Petitioner is entitled to equitable tolling. With respect to timeliness, Petitioner may be entitled to statutory tolling for the time period during which Petitioner's motion to correct his sentence was pending in state court. Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending

---

[3] *See* New Jersey Promis/Gavel Public Access System, available at https://portal.njcourts.gov/webe41/ExternalPGPA/entry (last visited on January 23, 2025).

[4] "Rule 59(e) motions to alter or amend a judgment must be filed within 28 days, and appeals must generally be filed within 30 days[.]" *Kemp v. United States*, 596 U.S. 528, 537 (2022) (citing Fed. Rule App. Proc. 4(a)(1)(a)).

4

in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps*, 572 F. Supp. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz*, 204 F.3d at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

  Here, Respondents did not provide the record of Petitioner's motion to correct his sentence with their motion to dismiss or address the effect of that motion on their timeliness calculations. The Court is unable to determine whether the motion to correct Petitioner's sentence was properly filed or entitles Petitioner to statutory tolling, and it will direct Respondents to supplement the record and their timeliness arguments prior to deciding Petitioner's Rule 60(b) motion.

  Petitioner may also be seeking equitable tolling in connection with the habeas petition he withdrew in April 2021 or his failure to file his all-inclusive petition until October 2022. The one-year limitations period may be tolled for equitable reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649-50 (2010).

With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52; *see also Fahy v. Horn*, 240 F.3d 239, 244 (2004) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") In addition, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [ ] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013). With these principles in mind, Petitioner may submit a reply brief and provide facts and evidence in support of equitable tolling within 30 days of his receipt of Respondents' supplemental answer.

      The Court also denies without prejudice Petitioner's motion for pro bono counsel. (ECF No. 26.) There is no constitutional right to counsel in a federal habeas corpus proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Courts must appoint counsel in a habeas proceeding only if the district court determines that an evidentiary hearing is required. *See* Rule 8(c) of the Rules Governing § 2254 Cases; Rule 1(b) of the Rules Governing § 2254 Cases 1(b); 18 U.S.C. § 3006A(a)(2)(B).

Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation. *See* 18 U.S.C. § 3006A(a)(2). *See also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Thompson v. D'Ilio*, No. 13-6282, 2018 WL 6182431, at *2 (D.N.J. Nov. 27, 2018).

The Court will deny Petitioner's motion for pro bono counsel as premature. The Court has ordered Respondents to supplement the record and their arguments and has deferred decision on the Rule 60(b) motion. It is not clear if the Court will address the merits of Petitioner's claims, and Petitioner does not need counsel to provide facts and evidence in support of equitable tolling. Therefore, the Court finds that appointing counsel is premature, and the motion for pro bono counsel is denied on that basis.

**IT IS, THEREFORE**, on this 27 day of January 2025,

**ORDERED** that the Clerk of the Court shall mark this matter as **OPEN** so the Court may consider Petitioner's submissions; and it is further

**ORDERED** that Petitioner's motion for pro bono counsel (ECF No. 26) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Court defers deciding the Rule 60(b) motion (ECF No. 28) and directs Respondents to submit a supplemental answer; and it is further

**ORDERED** that Respondents shall provide the record of Petitioner's state court motion to correct his sentence, the decision denying that motion, and any appeals taken from that decision; and it is further

**ORDERED** that Respondents shall also supplement their timeliness arguments and specifically address whether Petitioner's motion to correct his sentence was properly filed and

whether it entitles him to statutory tolling for the period during which it was pending; and it is further

**ORDERED** that Respondents shall submit their supplemental answer within 30 days of the date of this Order; and it is further

**ORDERED** that within 30 days of his receipt of Respondents' supplemental answer, Petitioner may submit a reply brief and should provide all facts and evidence in support of equitable tolling that he wishes the Court to consider; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter pending completion of the briefing; and it is further

**ORDERED** that once the briefing is complete, the Court shall decide the Rule 60(b) motion pending at ECF No. 28; and it is further

**ORDERED** that that the Clerk shall send a copy of this Order to Petitioner at the address on file.

 ROBERT KIRSCH
 United States District Judge